Filed 8/4/14  P. v. Delgado CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B253023 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA128828) |
| v. | |
| FELIX DELGADO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Brian F. Gasdia, Judge.  Affirmed.

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for plaintiff.

Appellant Felix Delgado was convicted, following a jury trial, of two counts of sexual intercourse with a child 10 years of age or younger in violation of Penal Code section 288.7, subdivision (a), three counts of forcible lewd acts upon a child under the age of 14 in violation of section 288, subdivision (b)(1), and one count of oral copulation with a child 10 years of age or younger in violation of section 288.7, subdivision (b). The victim for all six counts was appellant's daughter Gabriela. The trial court sentenced appellant to a total term of 89 years to life in prison, consisting of indeterminate terms of 25 years to life for the sexual intercourse convictions, 15 years to life for the oral copulation conviction and the mid-term of 8 years for each of the forcible lewd acts convictions, all imposed consecutively.

Facts

In February, 2013, appellant's daughter Gabriela told her fifth grade teacher that someone was touching her. Sheriff's deputies came to Gabriela's school the day she reported the touching. Gabriela spoke with the deputies.

Los Angeles County Sheriff's Detective Maribel Rizo was assigned to investigate the case on February 14. That same day, she interviewed appellant at the jail facility in Lynwood. Appellant was advised of and waived his *Miranda*[1] rights at the beginning of the interview, which was recorded. Appellant stated that things began in November, 2012, when Gabriela grabbed his penis, then took her clothes off. Appellant touched her with his penis. This occurred three or four times. Appellant also admitted that he touched Gabriela's breasts when she took off her towel, on two or three occasions. He never put his penis in Gabriela's vagina.

Detective Rizo interviewed Gabriela later that same day, at her home, and again the next day at the district attorney's office. Gabriela described six separate incidents of sexual contact with appellant, beginning around Halloween, 2012. Gabriela described two incidents of sexual intercourse with appellant, and one attempt at sexual intercourse

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436.

2

by appellant. She also described one incident where appellant touched her breasts, one incident in which appellant penetrated her from behind and one incident in which he attempted to penetrate her from behind. Gabriela stated that all these incidents occurred before her 11th birthday.

At trial, Gabriela testified that appellant touched her sexually on one occasion. He told her to pull down her pants, and when she complied, he put his mouth on her vagina. She also testified that on three other occasions, appellant pulled down her pants but did not do anything. She denied that appellant ever put his penis in her vagina. She also denied telling Detective Rizo about any instances of sexual intercourse or attempted intercourse with her father.

Appellant did not present any witnesses at trial.

Discussion

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal. Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On February 28, 2014, we sent a notice to appellant, advising him he had 30 days in which to personally submit any contentions or issues which he wished us to consider.[2] On March 24, 2014, we granted appellant's counsel's request for an extension to time to April 21, 2104 for appellant to file a supplemental brief.[3] No brief or other response has been received from appellant to date.

---

[2] This notice was sent to appellant at North Kern State Prison. Notice was earlier sent to appellant at the Los Angeles County Jail, but by the time notice was sent, appellant was no longer at the Jail.

[3] We served a copy of this order on appellant at Ironwood State Prison, his then-current address.

3

We have examined the entire record and are satisfied appellant's attorney has fully complied with her responsibilities and no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

Disposition

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

TURNER, P. J.

KRIEGLER, J.

_____

[*] Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4